NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| HASSAN L. DIXON, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | Civil No. 19-21403 (RBK/SAK) |
| MAYA D. LOCKHART-HARRIOTT, | : : | **OPINION** |
| Defendant. | : : | |

**ROBERT B. KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon receipt of *pro se* Plaintiff Hassan L. Dixon's ("Plaintiff") Complaint against Defendant Maya D. Lockhart-Harriott ("Defendant"). Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** with prejudice.

**I.    BACKGROUND**

The following background is taken from the Complaint. (Doc. No. 1). Plaintiff is a prisoner at Southern State Correctional Facility. On August 26, 2019, Defendant, the mother of Plaintiff's daughter, illegally forged and cashed a New Jersey Treasury pension check that was issued to Plaintiff on behalf of his late mother. After forging a signature on the check, Defendant cashed the funds at a Wells Fargo bank. Plaintiff seeks reimbursement for the check.

1

Plaintiff filed this Complaint on October 23, 2019 in New Jersey state court. The complaint is typed directly onto a Civil Rights Complaint form from the prison. On November 25, 2019, the Criminal Division of the Essex Vicinage of the Superior Court of New Jersey returned Plaintiff's filing so that it could be submitted to the United States District Court. Plaintiff's Complaint was received by the District Court of New Jersey on December 11, 2019. Plaintiff's Complaint was accompanied by an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## II.  LEGAL STANDARD

District courts follow a two-step process for deciding which applications can proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the court must determine whether [the] plaintiff is eligible for pauper status under § 1915(a). Second, the court must 'screen' the complaint under § 1915(e)(2) to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief." *Id.* at 194 n.1.  A complaint is not deemed filed "unless and until" IFP status is granted; only then may a district court determine if the complaint should be filed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Oatess v. Sobolevitch,* 914 F.2d 428, 429 n.1 (3d Cir. 1990). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, we have a "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

III. DISCUSSION

A. **Plaintiff's Application for IFP Status is Granted**

Plaintiff is eligible for pauper status under § 1915(a). Plaintiff, without prepaying the required fee, submitted an affidavit that includes a statement of all assets he possesses and an affirmation that he is unable to pay the filing fee, in compliance with § 1915(a)(1). And, in accordance with § 1915(a)(2), Plaintiff submitted a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint. In fact, the trust account statement provides a summary of Plaintiff's debts for more than the six-month period

required, including the amounts Plaintiff paid on his debts. Because Plaintiff satisfied the requirements of § 1915(a), Plaintiff's application to proceed IFP is granted.

### B. Section 1983 Claim

Based on the standardized template form Plaintiff used to draft the Complaint, Plaintiff purports to bring a claim under 42 U.S.C. § 1983 and to have federal jurisdiction by way of this claim. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a constitutional right and "that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Policy Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted). To show that the person who deprived the plaintiff of his constitutional right was acting under color of state law, a plaintiff must show that the person "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

Plaintiff does not present a valid claim under § 1983. Plaintiff does not allege that Defendant was acting under color of state law. Defendant is a private party—she is the mother of Plaintiff's daughter. There are no facts presented in the Complaint to sufficiently allege that

4

Defendant exercised a power possessed by virtue of state law and that Defendant's wrongdoing was made possible only because she possessed a power under the authority of state law.

### C. Conversion

Although the complaint template references 42 U.S.C. § 1983, the substance of the allegations reflects a cause of action for conversion. Conversion, a civil tort action, is "the wrongful exercise of dominion and control over property owned by another inconsistent with the owners' rights." *LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009) (citations omitted). Conversion is a state law claim; there is no federal cause of action for conversion or theft. Claims for conversion may be heard in state court, where Plaintiff initially brought the complaint. Because Plaintiff has not stated a federal law claim, and Plaintiff's Complaint does not otherwise contain a statement of the grounds for the court's jurisdiction in accordance with Fed. R. Civ. P. 8(a)(1), we are without subject matter jurisdiction to review this matter, and we must dismiss with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). An Order follows.


Dated: 8/31/2021                                             /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge